# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAMUEL MALDONADO MARTINEZ | |
| Petitioner, | |
| v. | CASE NO. 20-1337 (GAG) |
| UNITED STATES OF AMERICA, | Related to Crim. Case No. 16-372 |
| Respondent. | |

## MEMORANDUM OPINION

Before the Court is Samuel Maldonado Martinez's motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 in light of Rehaif v. United States, 129 S. Ct. 2191 (2019). (Docket No. 1).  The Government responded in opposition. (Docket No. 5).

Maldonado was charged in a six-count indictment with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), (Count One); possessing firearms and ammunition as a convicted felon, (Count Two); and possessing with intent to distribute cocaine base, cocaine, heroin, and marihuana, Counts Three, Four, Five, Six. (Crim. Case No. 16-372, Docket No. 14).

Maldonado pleaded guilty to Counts One and Three of the indictment, possession of a firearm in furtherance of a drug trafficking crime, and possession with intent to distribute cocaine base.  The Court sentenced Maldonado to 60 months' imprisonment as to Count One and 46 months as to Count Three, to be served consecutively, adding up to a total of 106

Case No. 20-1337 (GAG)

months' imprisonment. The remaining charges, including Count Two of the indictment, the felon in possession of a firearm charge, were dismissed.

## I. Legal Analysis and Discussion

Maldonado petitions the Court vacate his sentence in light of the United States Supreme Court's holding in Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Court held that "in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Rehaif is inapplicable given that he was not convicted of being a felon in possession of a firearm while being a prohibited person in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), said count of the indictment was dismissed.

Accordingly, Petitioner's motion to vacate and correct his sentence under 28 U.S.C. § 2255 is **DENIED**.

### CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that petitioner files a notice of appeal, because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

In San Juan, Puerto Rico this 15th day of October 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge